UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL OGDEN, | No. 2:24-CV-3386-SCR |
| Petitioner, | |
| v. | ORDER AND |
| BUREAU OF PRISONS, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner is a federal inmate proceeding without a lawyer in this habeas corpus action filed pursuant to 28 U.S.S. § 2241. He has paid the filing fee for this action.

**I.    Factual and Procedural Background**

    According to the habeas application, petitioner sustained a torn bicep in February 2024. Since that time, petitioner's medical treatment for this injury has been delayed due to multiple prison transfers. By way of relief, petitioner seeks "immediate attention to ongoing medical issues resulting from a torn bicep injury…." ECF No. 1 at 1. Petitioner also requests that the exhaustion of his administrative remedies be deemed futile, and thus excused.

**II.    Legal Standards**

    Habeas corpus relief is available if a federal prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a petitioner seeks to challenge the conditions of his confinement, his claims may

only be raised in a civil rights action rather than a habeas corpus action. Federal prisoners cannot pursue relief under 42 U.S.C. § 1983, which applies to state officials. However, federal prisoners complaining of unconstitutional treatment or other injury may pursue damages against a federal official in his or her individual capacity under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) or against the United States under the Federal Tort Claims Act. Federal prisoners may also seek injunctive relief to compel compliance with the U.S. Constitution pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act's waiver of sovereign immunity. See Roman v. Wolf, 977 F.3d 935, 941 (9th Cir. 2020) (noting that § 1331 provides jurisdiction over claims for injunctive relief based on constitutional violations); Solida v. McKelvey, 820 F.3d 1090, 1096 (9th Cir. 2016) (noting that a plaintiff "seek[ing] equitable relief against the federal government" may proceed under 5 U.S.C. § 702, which "waives sovereign immunity for such claims").

### III.    Analysis

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which are equally applicable to § 2241 petitions, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.[1] The court has conducted that review and recommends summarily dismissing petitioner's habeas corpus application because petitioner is not challenging the fact or duration of his confinement. In this case, petitioner is challenging the conditions of his confinement and the delays in receiving medical care for his torn bicep. Put simply, the relief he seeks is not available in a § 2241 petition. Thus, the undersigned recommends summarily dismissing the § 2241 petition without prejudice to refiling as a civil rights complaint pursuant to Bivens.

Although this court has discretion to construe the habeas petition as a civil rights complaint, the undersigned recommends declining to recharacterize the § 2241 petition as a civil rights action. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions.

§ 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).  As a practical matter, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") complicate a court's decision to recharacterize a habeas petition as a civil rights complaint.  See Pinson v. Carvajal, 69 F.4th 1059, 1075-1076 (9th Cir. 2023) (recognizing that "this general principle—that habeas petitions may be converted to civil-rights actions—predates the enactment of the PLRA, which significantly impacted a court's ability to convert a habeas petition into a civil rights action"). Due to the PLRA's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he or she clearly expresses a desire to do so.  See 28 U.S.C. §§ 1915 & 1915A; Nettles v. Grounds, 830 F.3d at 936 (holding that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). For these reasons, it is recommended that the court decline to exercise its discretion to recharacterize the § 2241 petition as a civil rights action.

**IV.     Plain Language Summary for Party Proceeding Without a Lawyer**

Since petitioner is representing himself, the following information is meant to explain this order in plain English.  It is not intended as legal advice.

After reviewing the habeas petition, the undersigned has concluded that relief is not available via a habeas corpus application.  Your medical care claim may only be pursued by filing a civil rights action.  It is recommended that your habeas petition be dismissed without prejudice to pursuing appropriate relief in a civil rights action.

If you disagree with these recommendations, you have 21 days to explain why they are wrong.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review the file and make the final decision.

Accordingly, IT IS HEREBY ORDERED that:

1. As a one time courtesy to petitioner, the Clerk of Court shall update petitioner's

1  address of record to FCI Terminal Island, Federal Correctional Institution, P.O. Box 3007, San
2  Pedro, CA 90733.
3      2. The Clerk of Court shall randomly assign this matter to a district judge.
4      IT IS FURTHER RECOMMENDED that:
5      1. Petitioner's application for a writ of habeas corpus be summarily dismissed without
6  prejudice to refiling as a civil rights action.
7      2. The Clerk of Court be directed to send petitioner the form complaint for filing a civil
8  rights action in this district.
9      These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days
11 after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations.  Any response to the
14 objections shall be served and filed within fourteen days after service of the objections.  The
15 parties are advised that failure to file objections within the specified time may waive the right to
16 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: June 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE